IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. MJM-23-0366** |
| **DARSHA ROGERS-BEY** | |
| **Defendant** | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

The United States of America respectfully submits this response in opposition and requests that the Court deny Defendant's motion to reopen detention hearing, and that the January 4, 2024, Order of Detention (ECF No. 22) remain in place, without amendment.

**Procedural History**

Darsha Rogers-Bey ("Defendant") was arrested on May 23, 2023, by Baltimore Police Department detectives for being in possession of a loaded firearm and a distribution quantity of drugs after the execution of a search warrant on her vehicle that was based upon her selling drugs to a CI out of said vehicle. The Defendant was initially booked and charged in state court and held without bail following a bail review hearing.

The Defendant was federally indicted for the same underlying facts on October 17, 2023, and charged with one count of Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1), one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924 (c)(1)(A)(i). The State subsequently entered the Defendant's case nolle prosequi in favor of federal prosecution. The

Defendant had an initial appearance in this case on October 23, 2023, consented to detention, and was transferred to primary federal custody.

A detention hearing was held on January 4, 2024. At the detention hearing, the Government sought detention of the Defendant for the safety of the community based on the nature and circumstances of her pending offenses, the weight of the evidence in favor of her guilt, her prior criminal history, her poor performance on supervised probation, and the ineffectiveness of her proposed release plan to protect the community. The pre-trial services report recommended detention based on a risk of nonappearance and danger to the community.

The Defendant filed a motion for release from custody and attached exhibit on January 3, 2024, where she requested release based on her prior acceptance "to long-term residential substance use treatment at Chrysalis House in Crownsville, Maryland." ECF No. 20.

At the conclusion of the hearing, Judge Austin entered an Order of Detention (ECF No. 22) after careful consideration of the 18 U.S.C. § 3142(g) factors, finding by clear and convincing evidence that the Defendant poses a risk of safety to the community and that there are no condition or combination of conditions that would reasonably assure community safety.

Defendant now files a motion and attached exhibit to reopen the detention hearing requesting release to a different "long-term residential substance use treatment" facility, this time Mountain Manor in Sykesville, Maryland. ECF No. 24. For the reasons stated below, the Government objects to this request and asks the Court to deny the motion without a hearing.

### Argument

While the Bail Reform Act permits reopening a detention hearing, the Defendant's request to do so falls short of necessity. The information the Defendant presents by way of proffer and

exhibit in ECF No. 24 is not newly discovered or previously unavailable to the Defendant, nor does it have a material bearing on the Defendant's release. 18 U.S.C. § 3142(f)(2)(B).

The Defendant's detention hearing took place 74 days after her initial appearance. Defense counsel undoubtedly worked tirelessly during that time to construct a release plan for the Defendant. It was clear from the proposed plan and the pre-trial report that despite having many potential options, there was no vetted third-party custodian available for the Defendant at her detention hearing. However, even if there were a vetted third-party custodian available to the Defendant, that option nor any residential treatment facility would not secure the public safety from the Defendant pending trial in this matter.

The Defendant was aware prior to the detention hearing that pre-trial services contracts with certain residential treatment programs. However, the Defendant chose a program in which pre-trial services does not contract. The Defendant was also aware that if pre-trial services does not contract with a facility, they are unable to effectively supervise the Defendant. Even if pre-trial services contracts with the facility, their ability to supervise is only marginally improved due to their inability to electronically monitor anyone in a residential treatment facility.

Seeking release to a different facility is not newly discovered or previously unavailable information. The Defendant evaluated their options and put their best laid plan before the Court at the detention hearing. To reopen the hearing for "plan B" would run afoul of 18 U.S.C. § 3142(f)(2)(B). None of the information provided in the motion to reopen is newly discovered or unavailable at the time of the Defendant's detention hearing and she makes no proffer to the contrary.

The Government sought detention based on the Defendant's high risk of danger posed to the community if released. Pre-trial services' inability to effectively supervise the Defendant at

her own proposed facility was only one of many factors put forth for consideration and hardly the fulcrum of the Government's argument in favor of detention. The Government highlighted many additional factors to be considered, including the Defendant's possession of a loaded firearm while drug trafficking out of her vehicle; the strong evidence against the Defendant; and her lengthy criminal history, including her repeated inability to comply with post-trial supervision.

Even if the information the Defendant presents in her motion to reopen was provided at the detention hearing, the ultimate outcome would be the same. The Government still enjoys a presumption of detention in this case under not one, but three reasons based on the Defendant's actions. 18 U.S.C. § 3142(f)(1)(B), (C), and (E). Pre-trial services still recommends detention in this case and most importantly, little would change in their ability to effectively supervise the Defendant at this new facility. For one, pre-trial services contracts with a program that the Defendant was not accepted to, but still at issue here is the fact that pre-trial services cannot monitor the Defendant in any treatment facility. The risk of danger to the community is too great to entrust to an inability to effectively supervise. More importantly, the Defendant is not a good candidate for supervision due to the likelihood of her ignoring court-ordered supervision. Therefore, there would be no material change in the reasoning for detention. There is still overwhelming evidence and a multitude of reasons to detain the Defendant pending trial, as evidenced in the Court's findings.

WHEREFORE, the Government requests that the Defendant's motion to reopen detention hearing be denied without a hearing because the Defendant has not presented information that was not known to her at the detention hearing nor does her requested change in facility materially change the fact that there are no conditions or combination of conditions that would reasonably assure the safety of the community.

Respectfully submitted,

Erek L. Barron
United States Attorney


By:               /S/
               James I. Hammond
               Special Assistant United States Attorney
               36 S. Charles Street, Fourth Floor
               Baltimore, Maryland 21201
               410-209-4900